UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIM A. ETIENNE, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA; STEPHEN ALLISON, MD; DOUGLAS HIDLAY, MD; and UNKNOWN JOHN DOES AND JOHN DOE CLINICS, <br><br> Defendants. | CAUSE NO. <br><br> COMPLAINT FOR MEDICAL NEGLIGENCE |

## I.   PARTIES

1.1   Plaintiff Kim A. Etienne, an individual, resides in Twin Falls, Idaho. At all material times hereto, Kim is married to Charlene Etienne. The event giving rise to this claim occurred in Seattle, King County, Washington.

1.2   Defendant United States of America is named on the basis of the determination pursuant to 28 U.S.C. Sec. 2671 that VA Puget Sound Healthcare Center in Washington and its physicians, employees, and agents are employees and agents of the United States Government.

COMPLAINT
Page 1

HOLMAN LAW PLLC
216 N. Yakima Avenue
PO Box 1338
Tacoma, WA  98401-1338
T 253.627.1866  F 253.627.1924

1.3     Defendant Stephen Allison, MD was an employee and/or agent of VA Puget Sound Healthcare Center in Washington at all times material hereto and provided care to Plaintiff Kim A. Etienne and whose negligence contributed to Plaintiff's injuries and damages.

1.4     Defendant Douglas Hidlay, MD was a resident physician and employee and/or agent at VA Puget Sound Healthcare Center in Washington, at all times material hereto, and provided care to Plaintiff Kim A. Etienne and whose negligence contributed to Plaintiff's injuries and damages.

1.5     Plaintiff alleges there may be other health care providers, persons, or entities whose negligence contributed to Plaintiff's injuries and damages, but whose identity is not now known and who are referred to herein as Unknown John Does. Plaintiff requests these pleadings be amended to reflect the true identities of these Defendants if and when they are identified.

1.6     Plaintiff alleges there may be other Clinics, Corporations or Partnerships that employed individuals mentioned in the paragraphs above, such as to make these John Doe Clinics, Corporations or Partnerships responsible, whose negligence contributed to Plaintiff's injuries and damages, but whose identity is not now known and who are referred to herein as Unknown John Doe Clinics, Corporations or Partnerships.  Plaintiff requests these pleadings be amended to reflect the true identities of these Defendants if and when they are identified.

## II.     JURISDICTION AND VENUE

2.1     On January 7, 2021, Plaintiff Kim Etienne submitted a Claim for Damage, Injury, or Death Tort Claim form on all appropriate agencies (*See Exhibit 1, attached)*.  The U.S. Department of Veterans Affairs in San Juan, Puerto Rico, acknowledged receipt of a claim form on February 8, 2021.  As of this date, Plaintiff Kim Etienne has received no denial of the Federal Tort Claim, but the six-month investigation period has since expired.  Therefore, this

COMPLAINT
Page 2

HOLMAN LAW PLLC
216 N. Yakima Avenue
PO Box 1338
Tacoma, WA  98401-1338
T 253.627.1866  F 253.627.1924

Court has jurisdiction over the claims against the United States of America pursuant to 28 U.S.C. Sec. 2675(a).[1]

2.2  Venue in this Court is proper pursuant to 28 U.S.C. sec. 1402(b).

### III.  STATEMENT OF CLAIMS

3.1  On August 16, 2019, Plaintiff Kim Etienne presented to VA Puget Sound in Seattle for complaints of left lower leg pain and left foot numbness. The findings were for acute claudication with no dorsalis pedis pulses found on doppler. Vascular surgery consult requested.

3.2  Dr. Gale Tang of vascular surgery examined Mr. Etienne and found that he had CTA occlusion on the left iliac stent and the entire left iliac arteries.

3.3  Interventional radiology was contacted to perform possible thrombolysis from the brachial approach, which was less likely to cause compartment syndrome.

3.4  At 10:31 p.m. on August 16, 2019, Dr. Douglas Hidlay and Dr. Stephen Allison attempted ultrasound guided left brachial access, angiography and attempted thrombolysis.

3.5  During the procedure, Dr. Hidlay and Dr. Allison attempted thrombolysis with multiple wire and catheter combinations. "*Unsuccessful attempt at LLE thrombolysis; flush occlusion of L common iliac kissing stent could not be crossed. Patient transferred to the OR.*"

3.6  During this procedure, Dr. Hidlay and Dr. Allison caused a pseudoaneurysm in Mr. Etienne's brachial artery but did not report it. This condition went untreated for a significant and critical period of time thereafter.

3.6  Following the unsuccessful attempt by Drs. Hidlay and Allison, Mr. Etienne was taken to the OR by Dr. Gale Tang who performed: aortoiliac thrombectomy via left common

---

[1] Charlene Etienne filed a tort claim on 6/21/21. (*See Exhibit 2, attached*). Plaintiffs will move to amend this Complaint and join Mr. and Mrs. Etienne's claims to this suit once the 6-month period has passed, or a response to

COMPLAINT
Page 3

HOLMAN LAW PLLC
216 N. Yakima Avenue
PO Box 1338
Tacoma, WA 98401-1338
T 253.627.1866  F 253.627.1924

femoral artery access, thromboendarterectomy of the left common femoral artery and proximate profunda, thrombectomy of the prior left femoral above knee popliteal bypass graft, greater saphenous vein patch angioplasty of prior left femoral to above knee popliteal bypass graft, intra-arterial thrombolysis using tPA, removal of the left brachial 6 french sheath, four-compartment fasciotomies with medial and lateral incisions with wound vacuum-assisted closure placement.

3.7     On August 18, 2019, Mr. Etienne complained of left arm pain and numbness in the left hand. Duplex at the bedside showed a 0.9 cm pseudoaneurysm partially thrombosed stemming from the brachial access site and tracking along the brachial sheath.

3.8     On August 19, 2019, Dr. Tang and Dr. Jamal Anyalebechi took Mr. Etienne back to surgery for a left brachial artery thrombectomy and repair of the left brachial artery pseudoaneurysm.

3.9     The Defendants failed to provide reasonable and prudent care during Kim Etienne's Interventional Radiology procedure accessing the brachial artery that caused left hand and left median nerve neuropraxia.

3.10    If Defendants had met the standard of care, Mr. Etienne would not have had a pseudoaneurysm in the brachial nerve causing him to lose feeling in the left hand and arm.

3.11    The Plaintiff filed a claim on January 7, 2021, which claim is attached as Exhibit "1" to this Complaint.

///

///

---

Charlene Etienne's claim is received, whichever is sooner. Mrs. Etienne's claims are based upon loss of consortium due to the events described herein.

COMPLAINT
Page 4

HOLMAN LAW PLLC
216 N. Yakima Avenue
PO Box 1338
Tacoma, WA 98401-1338
T 253.627.1866  F 253.627.1924

## IV.   CLAIMS AGAINST THE UNITED STATES OF AMERICA

4.1   As alleged above, the VA Puget Sound Healthcare Center, and its employees are employees and or agents of the United States Government pursuant to 28 U.S.C. Sec. 2671. Therefore, the proper Defendant in this matter is the United States of America.

4.2   <u>Medical Negligence</u>.  Defendant United States of America, by and through is employees and agents, the Madigan Army Medical Center system failed to exercise the degree of care, skill and learning expected of reasonably prudent health care providers in the same profession or class in the State of Washington acting in the same or similar circumstances.  Such conduct proximately caused severe injuries and damage to Plaintiff.  Such conduct establishes claims under RCW 4.24, RCW 7.70 and other applicable law.

4.3   <u>Negligence.</u>  Defendant United States of America, by and through the VA Puget Sound Healthcare Center failed to exercise the degree of care, skill, and learning expected of reasonably prudent health care providers in the same profession or class in the State of Washington acting in the same or similar circumstances. If the actions of defendant fall outside of these parameters, negligence has occurred.

4.4   <u>Informed Consent</u>.  Defendant United States of America, by and through the VA Puget Sound Healthcare System and its employees, breached its duty to inform Plaintiff of all material facts, including risks and alternatives, which a reasonably prudent patient would need to make an informed decision on whether to consent to or reject proposed courses of treatment.  This conduct proximately caused injury to Plaintiff.

4.5   <u>Corporate Negligence.</u>  Defendant United States is liable under the doctrine of corporate negligence, WPI 105.02.02. Defendant Hospital owes an independent duty of care to its patients and has a duty to exercise the degree of skill, care, and learning expected of a

COMPLAINT
Page 5

HOLMAN LAW PLLC
216 N. Yakima Avenue
PO Box 1338
Tacoma, WA 98401-1338
T 253.627.1866  F 253.627.1924

reasonably prudent hospital. Defendant is responsible for all acts and omissions of its employees, agents, independent contractors and is responsible for adequate supervision of its staff members.

    4.6    More specifically, Defendant United States failed to:

        4.6.1    provide reasonable care during Interventional Radiology in accessing the left brachial artery for attempted thrombolysis; and

        4.6.2    meet the standard of care of reasonably prudent healthcare providers under the same and similar circumstances, resulting in the ultimate severe injury to Mr. Etienne's medial and ulnar neuropraxia.

## V.    PROXIMATE CAUSE

    5.1    The conduct of Defendants herein was a proximate cause of Plaintiff's injuries and damages as outlined below, as well as the damages claimed by Mrs. Charlene Etienne.

## VI.    INJURIES AND DAMAGES

    6.1    The acts and omissions of Defendants directly and proximately caused Kim A. Etienne to suffer severe and permanent injury, both mental and physical, pain and suffering, mental anguish, disability, and other elements of damages as allowed by law.

    6.2    Charlene Etienne has a loss of consortium claim, including but not limited to loss of love and affection.

    6.3    Plaintiff incurred out-of-pocket expenses, including but not limited to medical expenses, income loss, funeral expenses?, and other expenses in an amount that will be proven at trial.

    WHEREFORE, having set forth his complaints, Plaintiff requests the right to amend the complaint to add Ms. Charlene Etienne as a Plaintiff as discussed supra, as well as to amend the complaint to conform to the evidence and for the Court enter judgment against Defendants,

COMPLAINT
Page 6

HOLMAN LAW PLLC
216 N. Yakima Avenue
PO Box 1338
Tacoma, WA 98401-1338
T 253.627.1866  F 253.627.1924

jointly and severally, for all injuries and damages sustained by the Plaintiff in the amounts to be proven in trial, together with his reasonable costs and fees incurred herein, and such further relief as justice requires.

DATED this 8th day of July, 2021.

> HOLMAN LAW, PLLC
> */s/ Colleen Durkin Peterson*
> Colleen Durkin Peterson, WSBA No. 45187
> Holman Law, PLLC
> 216 N. Yakima Avenue
> Tacoma, WA 98403
> Telephone: 253-627-1866
> Fax: 253-627-1924
> Email: CDP@theholmanlawfirm.com
> Attorney for Plaintiffs

COMPLAINT
Page 7

HOLMAN LAW PLLC
216 N. Yakima Avenue
PO Box 1338
Tacoma, WA 98401-1338
T 253.627.1866  F 253.627.1924